IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAVCO WOOD PRODUCTS, LLC,

        Plaintiff,

v.

INDUSTRIAL HARDWOOD
PRODUCTS, INC.,

        Defendant.

OPINION & ORDER

10-cv-566-wmc

---

    Following a jury finding of infringement of the asserted claims in the patents-in-suit, defendant Industrial Hardwood Products, Inc. filed a motion for judgment notwithstanding verdict, asserting for the first time its previously-plead indefiniteness defense. (Dkt. #297.) Specifically, IHP maintains that the phrases "substantially continuously bonded" or "substantially continuous bond" or similar language contained in all of the asserted claims render those claims invalid as indefinite. Having had ample opportunities to consider (and reconsider) the meaning of this term, the court is now inclined to find that the asserted claims are invalid as indefinite as a matter of law. In light of the consequences of this decision after such a substantial investment of resources by the parties, court and a lay jury -- and the relatively high bar required for such a finding -- the court will hold oral argument to provide plaintiff Havco Wood Products, LLC, an additional opportunity to respond to IHP's legal arguments. While a finding of invalidity would obviously moot Havco's currently-pending motion for permanent injunction (dkt. #293) and IHP's motion to stay entry of permanent injunction (dkt. #307), the court will also hear brief oral argument on these motions at the same hearing

scheduled for April 18, 2013.  Given the court's decision to hear argument on these motions, the telephonic conference scheduled for that date will now be held in-person as well.

BACKGROUND

Plaintiff Havco Wood Products LLC is the owner of U.S. Patent Nos. 5,928,735 (the "'735 patent"), 6,183,824 (the "'824 patent"), 6,558,766 (the "'766 patent"), 6,179,942 (the "'942 patent"), and 6,558,765 (the "'765 patent").  Each independent patent claim asserted by Havco contains either the term "substantially continuously bonded" or "substantially continuously coating" or a slight variant.  As has been true for the entire case, IHP's motion focuses on this term.

At claims construction, the court found that Havco had been compelled to disclaim certain meanings of the phrase "discontinuous bond" during the prosecution of its patents in light of the so-called "Sharpf patents."  (11/10/11 Op. & Order (dkt. #51) 10.)  Following the Federal Circuit's guidance in *Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005), the court construed the term in light of certain functional advantages of the bond disclosed as part of the prosecution.

The court later attempted to refine this construction during summary judgment and again at a final pretrial conference.  (5/23/12 Op. & Order (dkt. #138) 18; 7/5/12 Op. & Order (dkt. #198) 3-4.)  Consistent with the final version of the court's claims construction, the jury was instructed as follows:

- "**substantially continuously bonded**" as used in claim 1 of the '735 patent and claim 1 of the '824 patent means bonding the hardwood floor board to the

2

- fiber-reinforced polymer ("FRP") underlay substantially continuously to obtain composite flooring that resists pop-out of the hardwood segments at the shaped coupling portions and improves one or more of the flexural modulus, strength and load carrying capacity of the vehicular trailer floor. This term excludes a discontinuous bond line forming a discontinuous pattern of connection between the underlay and the floor board in that less than the entire surface or area of the underlay is adjoined to the hardwood floor board so that (1) water accumulates in the gaps tending to warp the board or (2) the gaps undermine the FRP's ability to reinforce a board's resistance to pop out, flex, strength or load-carrying capacity.

- "**substantially continuously coating**" as used in claim 1of the '942 patent and claim 1 of the '765 patent means coating the hardwood floor board to the FRP underlay substantially continuously to obtain composite flooring that resists pop-out of the hardwood segments at the shaped coupling portions and improves one or more of the flexural modulus, strength and load carrying capacity of the vehicular trailer floor. This term excludes a discontinuous bond line forming a discontinuous pattern of connection between the underlay and the floor board in that less than the entire surface or area of the underlay is adjoined to the hardwood floor board so that (1) water accumulates in the gaps tending to warp the board or (2) the gaps undermine the FRP's ability to reinforce a board's resistance to pop out, flex, strength or load-carrying capacity.

(Closing Jury Instr. (dkt. #286) 4-5.) The jury returned a special verdict, finding infringement of all asserted claims. (Dkt. #288.)

At the final pretrial conference, IHP had advised that although never briefed, "[i]ndefiniteness is an issue of law for the Court that has been a defense in this case throughout." (10/16/12 Final Pretrial Conf. Tr. (dkt. #257) 39.) In response to the court's question, counsel for IHP then explained, "that [under] the claims construction . . . you can't tell where the line is drawn between what infringes and what doesn't infringe." (*Id.*)

3

OPINION

I.   Timeliness of Challenge and Waiver

Understandably, Havco contends as an initial matter that "IHP waived its ability to assert indefiniteness as a defense or counterclaim in a Rule 50(a) ((or Rule 50(b)) motion," because it "failed to provide the specific grounds of its indefiniteness assertion until it filed its brief on November 2, well after the jury reached its verdict of infringement." (Pl.'s Opp'n (dkt. #301) 4.)  As far as it goes, Havco correctly states the law:  "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." *Wallace v. McGlothan*, 606 F3d 410, 418 (7th Cir. 2010); *see also Thompson v. Mem'l Hosp. of Carbondale*, 625 F.3d 394, 407 (7th Cir. 2010) (refusing to consider the defendant's argument that plaintiff failed to demonstrate that he suffered an adverse employment action, in part, because the defendant did not raise argument in its Rule 50(a) motion); Fed. R. Civ. P. 50 cmt. 1991 Amendments ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.").[1]  The purpose behind this rule is two-fold: (1) it protects the Seventh Amendment right to trial by jury; and (2) it provides notice to the nonmoving party in time to cure the defect. *Warlick v. Cross*, 969 F.2d 303, 308 (7th Cir. 1992) ("The directed verdict requirement of Rule 50(b) is intended to preserve the

---

[1] Consistent with the Federal Circuit's review of orders on motions for judgment as a matter of law, this court applies Seventh Circuit law in its review of IHP's motion.  *See Saffran v. Johnson & Johnson*, No. 2012–1043, 2013 WL 1338910, at *5 (Fed. Cir.  Apr. 4, 2013) ("We apply regional circuit law in assessing the grant or denial of a motion for judgment as a matter of law.").

4

Seventh Amendment right to a jury and to allow the nonmoving party to repair factual deficiencies in its case before the case goes to the jury.").

While Havco is correct on the law -- the court cannot grant a Rule 50(b) motion on a ground not raised in a Rule 50(a) motion -- Havco's attempt to apply that rule here fails for at least three reasons. *First*, as described above in the background section, IHP *did* articulate this basis for relief from judgment pre-verdict however briefly. IHP indicated that its indefiniteness defense did not need to be included in the jury instructions, because it was an issue of law for the court to consider. Havco contends that this "articulation of the indefiniteness assertion was conclusory at best." (Pl.'s Opp'n (dkt. #301) 4 n.1.) In light of the straightforward nature of the law surrounding an indefiniteness challenge -- in the context with the court's and the parties' focus on the final construction of "substantially continuously" language for the jury -- IHP's simple statement that it was preserving its indefiniteness challenge with a basic description of that challenge nevertheless put Havco and the court on notice of its plan to file the present motion. The law appears to require no more. *See Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276, 286-87 (2d Cir. 1998) ("[T]he JMOL motion must at least identify the specific element that the defendant contends is insufficiently supported."); *Gordon v. Cnty. of Rockland*, 110 F.3d 886, 887 n.2 (2d Cir. 1997) (explaining that the specificity requirements "adds nothing" where nonmovant and the court were "well aware" of the basis for motion); *Rankin v. Evans*, 133 F.3d 1425, 1433 (11th Cir. 1998) ("[W]here the trial court and all parties actually are aware of the grounds upon which the motion is made, strict enforcement of the specificity

requirement of Rule 50(a)(2) is unnecessary to serve the purpose of the rule."). To hold otherwise would put form over substance, unnecessarily delaying the "just, speedy, and efficient" resolution of disputes in violation of Federal Rule of Civil Procedure 1.

*Second*, the reasons behind Rule 50(b) are not implicated here, where IHP seeks to raise a matter of law as its basis for relief, which is entirely separate from the jury's determination of infringement. The parties agree that the issue raised in IHP's motion is an issue of law. As much as the court might have wished that IHP had raised its indefiniteness defense sooner, Havco has failed to articulate, and this court cannot discern, any basis for finding prejudice to Havco, namely a missed opportunity to "correct the defect" by presenting evidence or argument to the jury. Even if more detail might typically be required under Rule 50, it is not required here where rigid application would not further the rule's purpose. *See Warlick v. Cross*, 969 F.2d 303, 308 (7th Cir. 1992) ("[W]hen the JNOV motion is based upon a pure question of law, such as qualified immunity, this circuit has allowed something less than a formal motion for directed verdict to preserve the right to a JNOV motion based upon a pure question of law.") (citing *Benson v. Allphin*, 786 F.2d 268, 274 (7th Cir.), *cert. denied*, 479 U.S. 848 (1986)).[2]

---

[2] The court in *Warlick* questioned in a footnote, but did not decide, whether this so-called "*Benson* exception" may have been eliminated by the 1991 amendment to Rule 50. Warlick, 969 F.2d at 308 n.1. As far as this court can tell, the Seventh Circuit has still not ruled on the issue, other than to hold that Rule 50's amendment forecloses relief when "the parties seeking JMOL had failed altogether to make timely pre-verdict motions for JMOL." *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 778 (7th Cir. 2002). Such is not the case here.

*Third*, IHP's attempt to fit its motion under a Rule 50 framework serves only to confuse the real issue. While labeled a renewed motion of judgment as a matter of law, defendant's indefiniteness challenge is simply an issue for the court to determine as part of the trial. Like an equitable challenge or some other issue of law, it is not unusual for the court to consider these issues independent of the jury and render an opinion after the jury verdict. Indeed, plaintiff acknowledged at a final telephonic conference held the Friday before the Monday start of trial that "the defense of indefiniteness . . . is still in the case." (10/18/12 Cont. Final Pretrial Conf. Tr. (dkt. #260) 21.)

This is not to say the court is sanguine as to the timing of this argument. The court and the parties, not to mention a lay jury, expended significant resources in bringing this case to its present posture. IHP could have -- and probably should have -- raised this challenge much earlier in the case. IHP's failure to do so at claims construction does not lay solely at its feet in light of the focus on the prosecution disclaimer at that time. Having then received a construction favorable to its position -- indeed, if the court had maintained its original construction, it likely would have granted summary judgment of noninfringement in IHP's favor --, IHP's failure to pursue this defense at summary judgment is understandable. Even if dilatory action on the part of IHP were a basis for rejecting this late challenge -- and Havco fails to offer legal authority in support of this argument -- the court does not find bad faith on IHP's part in its decision to wait until after the verdict to brief this defense fully. As such, IHP's challenge to the validity of Havco's patents as indefinite is properly before the court.

## II.   Merits of Invalidity Defense

"Every patent's specification must 'conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.'" *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (quoting 35 U.S.C. § 112, ¶ 2).  The purpose of this function is at least two-fold: to distinguish the claims from prior art and to "notif[y] the public of the patentee's right to exclude."  *Id.*  As the United States Supreme Court explained over sixty years ago, "[t]he statutory requirement of particularity and distinctness in claims is met only when [the claims] clearly distinguish what is claimed from what went before the art and clearly circumscribe what is foreclosed from future enterprise."  *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942).  Indefiniteness is demonstrated where "an accused infringer shows by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008).

Courts are to apply general principles of claims construction in considering an indefiniteness argument.  *Datamize,* 417 F.3d at 1348.  "Intrinsic evidence in the form of the patent specification and file history should guide a court toward an acceptable claim construction."   *Id.*   Certain extrinsic evidence, like expert testimony, may also be considered. *Id.*  Because the "substantially continuously" was added as a claim limitation to satisfy the patent office that prior art had been adequately distinguished, the specification here does not even appear to address those adjectives.

8

In particular, while the bond is mentioned in the specification, there is limited, if any, discussion of its characteristics, and nothing that aids in the meaning of "substantially continuously." Instead, the specification includes the following with respect to bonding:

- "The manufacture of the composite wood boards can be accomplished by means of a suitable process wherein the fiber reinforced plastic is bonded to the surface of laminated wood member." ('735 patent, 4:32-35.)

- Bonding process describes "saturat[ing]" the FRP with resin and then placing it "in contact with the surface of the laminated wood and the resin is cured under heat and pressure." ('735 patent, 4:35-39.)

- "As the resin cures due to the heat, the composite material is compacted by the pressure in the autoclave and is simultaneously bonded to laminated wood." ('735 patent, 4:59-62.)

- "Alternatively, a suitable FRP sheet that is commonly produced by the pultrusion process can be adhesively bonded to laminated wood boards using an autoclave or hotpress." ('735 patent, 5:2-5.)

There are also some more references to "bonded" in the preferred embodiment, but nothing anymore helpful to a skilled artisan attempting to discern the parameters of the bonding claim.

The prosecution history similarly provides no aid in delineating the specific contours of "substantially continuously bonded." As detailed in the court's original order on claims construction, Havco began its prosecution of the '735 patent by claiming to have invented "a flooring for use as a vehicle floor, the floor comprising: a laminated wood overlayment; and a fiber reinforcement underlayment *bonded* to the overlayment." (Declaration of Anthony R. Zeuli ("Zeuli Decl."), Ex. 1 (dkt. #29-2) 26 (emphasis added).) By adding "substantially continuously" before bonded, Havco apparently

9

satisfied the USPTO's concern that it overlapped with the Scharpf patent. In that way, Havco defined what the term does *not* mean, but provides no further guidance as to what the term *does* mean.

While words of degree, like "substantially," do not render a claim term indefinite, the patent's specification must provide "some standard for measuring that degree." *Datamize*, 417 F.3d at 1351; *see also Halliburton Energy Servs.*, 514 F.3d at 1253 n.5 ("[W]hen a limitation is ambiguous as to the presence or absence of an upper bound, an inquiry into the definiteness of that limitation is warranted."). The court is hard-pressed to find anything in the intrinsic evidence which provides guidance in defining what is meant by "substantially." Absent some reference, the term "substantially continuously bonded" appears indefinite, rendering the asserted claims invalid.

After some effort and various iterations, this court eventually landed on a disclaimer for the term "substantially continuously bonded," which distinguished Havco's patents from the prior art (Scharpf) based on certain functional benefits of the claimed invention. In that way, the court found the claims amenable to a construction which "distinguish[es] what is claimed from what went before the art." *United Carbon Co*, 317 U.S. at 236. The court, however, rejected Havco's proposed definition of "substantially continuously bonded" to mean "a polymer layer bonded to a hardwood board more so than U.S. Patent No. 5,509,715 ('Scharpf')" because that definition "fails to provide *any* definition of the term, much less where 'substantially' falls on the continuum between a discontinuous and continuous bond." (11/10/11 Op. & Order (dkt. #51) 6.)

10

If this case has demonstrated anything to date, it is that the "substantially continuously bonded" language does *not* "clearly circumscribe what is foreclosed from future enterprise." *Id.* Perhaps the best evidence of its indefiniteness was IHP's ability to obtain its own patent (the "Chorney patent") over Havco's five patents-in-suit, for a composite floor board containing an adhesive layer with a pattern made up of three discrete sections having adhesive separated by two approximately 3/8-inch adhesive-lacking strips. (*See* 5/23/12 Op. & Order (dkt. #138) 15-16.)

Accordingly, the court will hear oral argument on whether the court's findings set forth above satisfy the standard of "clear and convincing" evidence required to invalidate patent claims as indefinite. At the hearing, Havco should be prepared to direct the court to intrinsic evidence to support a definition of "substantially continuously" which would allow one skilled in the art to "discern the boundaries of the claim." *Halliburton Energy Servs.*, 514 F.3d at 1249-50. Both parties should be prepared to argue how the language at issue here is more or less like the language found indefinite in leading Federal Circuit cases. *See, e.g., Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325 (Fed. Cir. 2010); *Halliburton Energy Servs.*, 514 F.3d 1244; *Datamize*, 417 F.3d 1342.

ORDER

IT IS ORDERED that:

1) the court will hear oral argument on (1) defendant Industrial Hardwood Products, Inc.'s motion for judgment as a matter of law that the asserted claims are invalid as indefinite (dkt. #297); (2) plaintiff Havco Wood Products, LLC's motion for permanent injunction (dkt. #293); and (3) defendant IHP's motion for stay or suspend any injunction pending resolution of post-trial motions and appeals (dkt. #307); and

2) the telephonic conference scheduled for April 18, 2013, at 9:00 a.m. is rescheduled as an in-person oral argument.

Entered this 11th day of April, 2013.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge